SOUTHTRUST BANK, an Alabama
Banking Corporation, Plaintiff–
Appellee Cross–Appellant,

v.

COLLINS HOLDING CORPORATION,
f.k.a. Collins Music Co., Inc., et al.,
Defendants–Appellants Cross–Appel-
lees.

No. 04–15957.
Non–Argument Calendar
D.C. Docket No. 04–00354–CV–P–S.

United States Court of Appeals,
Eleventh Circuit.

May 11, 2005.

Donald Randolph James, Jr., Baxley,
Dilliard, Dauphin & McKnight, Birming-
ham, AL, for Defendants–Appellants
Cross–Appellees.

Francis Asbury Flowers, III, Michael L.
Hall, Esq., Carol H. Stewart, Stephanie
Haley Williams, Burr & Forman, LLP,
Birmingham, AL, Plaintiff–Appellee
Cross–Appellant.

Before BIRCH, DUBINA and
BARKETT, Circuit Judges.

PER CURIAM.

This case was presented to the district
court on cross-motions to enforce a settle-
ment agreement reached at the conclusion
of a mediation that took place in Atlanta,
Georgia. After conducting an evidentiary
hearing, the district court found that the
parties entered into a valid settlement that
included paragraph 4 of the Memorandum
Of Understanding ("MOU").

The question of whether the par-
ties intended to enter into a valid settle-
ment agreement is a question of fact sub-
ject to the clearly erroneous standard of
review. *See Lee v. Hunt,* 631 F.2d 1171,

1177 (5th Cir.1980).[1] The question of whether an attorney had the requisite authority to bind his client to a settlement agreement is also a question of fact subject to the clearly erroneous standard of review. *Gymco Constr. Co. v. Architectural Glass and Windows, Inc.*, 884 F.2d 1362, 1364 (11th Cir.1989).

This court reviews a district court's conclusions of law *de novo*. *Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co.*, 338 F.3d 1276, 1277 (11th Cir.2003).

After reviewing the record and reading the parties' briefs, we conclude that the district court correctly found that the parties entered into a valid settlement containing paragraph 4 of the MOU. Moreover, the district court correctly found that defendants' counsel had the authority to bind defendants to the settlement agreement.

■ SouthTrust Bank has filed a cross-appeal contending that it is entitled to contractual attorneys' fees and collection costs incurred as a result of the defendants' appeal. We do not read the district court's order requiring SouthTrust "to convey all of the bank's rights, title and interest in and to the notes and loan documents evidencing all of defendants' indebtedness to the bank" as precluding SouthTrust from requesting contractual attorneys' fees and collection costs following resolution of this appeal. We agree with the defendants that SouthTrust's requests for attorneys' fees and costs is premature. Accordingly, we affirm the district court's judgment.

**AFFIRMED.**

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.